HSBC Bank, USA v Gibatov (2020 NY Slip Op 02603)





HSBC Bank, USA v Gibatov


2020 NY Slip Op 02603


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2018-00922
 (Index No. 12545/07)

[*1]HSBC Bank, USA, respondent,
v
Yevgeniy Gibatov, et al., appellants, et al., defendants.


Petroff Amshen, LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, Steven Amshen, and Christopher Villanti of counsel), for appellants.
Davidson Fink, LLP, Rochester, NY (Heather C. M. Rogers of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Yevgeniy Gibatov and Viktar Yedzinovich appeal from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated October 2, 2017. The order granted the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon those defendants.
ORDERED that the order is affirmed, with costs.
On April 16, 2007, the plaintiff commenced this action against the defendants Yevgeniy Gibatov (hereinafter Gibatov) and Viktar Yedzinovich (hereinafter together the defendants), among others, to foreclose a mortgage encumbering certain real property located in Brooklyn (hereinafter the subject premises). On April 19, 2007, the plaintiff's process server purportedly served Gibatov by delivering a copy of the summons and complaint to Gibatov's wife, the defendant Ludmilya Gibatov, at the subject premises, and by mailing a copy to that same address. On April 28, 2007, the plaintiff's process server utilized "affix and mail" service after purportedly making four attempts to personally serve Yedzinovich at his residence. The process server also mailed a copy of the summons and complaint to Yedzinovich's residence on May 1, 2007. When the defendants failed to answer or appear in this action, the plaintiff moved, in July 2007, for an order of reference, which was granted in an order dated October 22, 2007. The plaintiff subsequently moved for a judgment of foreclosure and sale, which was denied without prejudice to renew.
Thereafter, in an order dated November 14, 2013, the Supreme Court directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c). However, in January 2015, the court granted the plaintiff's motion to vacate the order of reference dated October 22, 2007, and the order dated November 14, 2013, and to restore the action to the active calendar. The plaintiff moved a second time for an order of reference, which was granted in February 2015. After the plaintiff moved for a judgment of foreclosure and sale, the defendants appeared and cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint. The court granted the defendants' cross motion to the extent of directing that a hearing be held to determine the validity of service of process. The plaintiff [*2]then moved pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendants in the event that its service of the defendants was determined to be defective, arguing that such relief was warranted in the interest of justice. In a decision dated February 21, 2017, after a hearing held that same date, the court found that the plaintiff failed to effectuate proper service on the defendants and that it lacked personal jurisdiction over them. In the order appealed from, the court granted the plaintiff's motion pursuant to CPLR 306-b for an extension of time to serve the defendants. We affirm.
Generally, service of a summons and complaint must be made within 120 days after the commencement of the action (see CPLR 306-b). "If service is not made upon a defendant within the time provided in [CPLR 306-b], the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (CPLR 306-b). "Good cause requires the plaintiff to demonstrate, as a threshold matter, reasonably diligent efforts' in attempting to effect service" (Bank United, FSB v Verbitsky, 167 AD3d 833, 835, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105). " However, the more flexible interest of justice' standard accommodates late service that might be due to mistake, confusion, or oversight, so long as there is no prejudice to the defendant'" (JP Morgan Chase Bank, N.A. v Kothary, 178 AD3d 791, 793, quoting Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d 742, 744). "Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105; see Wells Fargo Bank, NA v Barrella, 166 AD3d 711, 713). "However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; see Bumpus v New York City Tr. Auth., 66 AD3d 26, 32).
Here, the plaintiff failed to demonstrate that it exercised reasonably diligent efforts in attempting to effect proper service upon the defendants, and thus failed to show good cause (see Wells Fargo Bank, N.A. v Kaul, 180 AD3d 956, 958; Nationstar Mtge., LLC v Wilson, 176 AD3d 1087, 1089). Nevertheless, we agree with the Supreme Court's determination that an extension of time to serve the summons and complaint upon the defendants was warranted in the interest of justice. The plaintiff established that the action was timely commenced, that the statute of limitations had expired when it moved to extend the time to serve, and that service was timely attempted and was perceived by the plaintiff to have been made within 120 days after the commencement of this action, but was subsequently found to have been defective (see JP Morgan Chase Bank, N.A. v Kothary, 178 AD3d 791; Bank United, FSB v Verbitsky, 167 AD3d 833, 835; Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d at 744; US Bank N.A. v Saintus, 153 AD3d 1380, 1381-1382). The plaintiff also established that it had a potentially meritorious cause of action, and that there was no identifiable prejudice to the defendants attributable to the delay in service (see JP Morgan Chase Bank, N.A. v Kothary, 178 AD3d 791; Deutsche Bank Natl. Trust Co. v Bandalos, 173 AD3d 1136, 1138; Wells Fargo Bank, NA v Burshstein, 172 AD3d 1437, 1440; Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d at 744).
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendants.
RIVERA, J.P., CHAMBERS, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court