Nationstar Mtge., LLC v Balsamo (2020 NY Slip Op 05515)





Nationstar Mtge., LLC v Balsamo


2020 NY Slip Op 05515


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2019-00090
2019-00091
 (Index No. 17834/09)

[*1]Nationstar Mortgage, LLC, respondent,
v
Donato Balsamo, appellant, et al., defendant.


Zimmerman Law, P.C., Huntington Station, NY (Naomi Trainer of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Donato Balsamo appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 24, 2018, and (2) a judgment of foreclosure and sale of the same court also entered October 24, 2018. The order granted the plaintiff's motion for a judgment of foreclosure and sale and denied those branches of that defendant's cross motion which were pursuant to CPLR 5015(a)(4) to vacate an order of reference of the same court entered April 10, 2018, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The judgment of foreclosure and sale, upon the order, inter alia, directed the sale of the subject property.
ORDERED that the appeal from the order entered October 24, 2018, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, the order entered October 24, 2018, is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine the validity of service of process upon the defendant Donato Balsamo, and for a new determination thereafter of the plaintiff's motion for a judgment of foreclosure and sale and those branches of the cross motion of the defendant Donato Balsamo which were pursuant to CPLR 5015(a)(4) to vacate an order of reference of the same court entered April 10, 2018, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
In this action to foreclose a mortgage, the defendant Donato Balsamo (hereinafter the defendant) failed to appear or answer the complaint. Thereafter, in an order entered April 10, 2018, the Supreme Court granted the plaintiff's motion, inter alia, for an order of reference and referred [*2]the matter to a referee to compute the amount due and owing under the loan. In May 2018, the plaintiff moved for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order of reference and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In an order entered October 24, 2018, the court granted the plaintiff's motion and denied those branches of the defendant's cross motion. A judgment of foreclosure and sale was entered upon the order, inter alia, directing the sale of the property. The defendant appeals.
"Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589; see Federal Natl. Mtge. Assn. v Alverado, 167 AD3d 987, 988). "However, when a defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the process server's affidavit, the prima facie showing is rebutted and the plaintiff must establish personal jurisdiction by a preponderance of the evidence at a hearing" (Velez v Forcelli, 125 AD3d 643, 644; see Wells Fargo Bank, NA v Chaplin, 65AD3d at 589).
Here, the plaintiff's affidavit of service constituted prima facie evidence of proper service upon the defendant. However, in support of his cross motion, the defendant submitted an affidavit containing a specific and detailed contradiction of the allegations in the process server's affidavit, which shifted the burden of proof to the plaintiff to establish jurisdiction at a hearing by a preponderance of the evidence (see Citibank, N.A. v Balsamo, 144 AD3d 964, 965; Matter of MBNA Am. Bank, N.A. v Novins, 123 AD3d 832). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine if the defendant was validly served with process and for a new determination thereafter of the plaintiff's motion for a judgment of foreclosure and sale and those branches of the defendant's cross motion which were pursuant to CPLR 5015(a)(4) to vacate the order of reference entered April 10, 2018, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
BALKIN, J.P., CHAMBERS, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court