Wells Fargo Bank, N.A. v McCarthy (2021 NY Slip Op 04054)





Wells Fargo Bank, N.A. v McCarthy


2021 NY Slip Op 04054


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-04782 
2019-04783
 (Index No. 11586/11)

[*1]Wells Fargo Bank, N.A., etc., appellant,
v
John McCarthy, et al., respondents, et al., defendants.


Shapiro, DiCaro & Barak, LLC (Reed Smith LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for appellant.
Somer & Heller, LLP, Commack, NY (Jeffrey T. Heller of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (John J. Leo, J.), dated July 11, 2018, and (2) an order of the same court dated December 18, 2018. The order dated July 11, 2018, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 306-b for an extension of time to serve the summons and complaint upon the defendants John McCarthy and Lorraine L. McCarthy. The order dated December 18, 2018, upon a decision of the same court dated November 1, 2018, made after a hearing, in effect, granted those defendants' motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
ORDERED that the order dated July 11, 2018, is reversed insofar as appealed from, on the facts and in the exercise of discretion, and the plaintiff's motion pursuant to CPLR 306-b for an extension of time to serve the summons and complaint upon the defendants John McCarthy and Lorraine L. McCarthy is granted; and it is further,
ORDERED that the order dated December 18, 2018, is reversed, on the facts and in the exercise of discretion, and the motion of the defendants John McCarthy and Lorraine L. McCarthy pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff payable by the defendants John McCarthy and Lorraine L. McCarthy.
In April 2011, the plaintiff commenced this action to foreclose a mortgage against John McCarthy and Lorraine L. McCarthy (hereinafter together the defendants), and others. According to the affidavits of service, service was made on Lorraine by the process server handing the summons and complaint to her at the subject premises, and service was made on John by the process server handing the summons and complaint to Lorraine, a person of suitable age and discretion, at the subject premises. Following the defendants' failure to appear in the action or answer the complaint, the Supreme Court issued a default judgment and an order of reference.
In February 2016, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. Thereafter, by order to show cause dated May 25, 2016, the defendants moved pursuant to CPLR 5015(a)(4) to vacate the default judgment and the order of reference, and to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction. In support of the motion, the defendants submitted affidavits indicating that the description of the person served by the process server did not match the physical description of Lorraine.
The Supreme Court, in an order dated November 14, 2017, directed a hearing to determine the validity of service of process. By notice of motion dated December 21, 2017, the plaintiff moved pursuant to CPLR 306-b to extend the time to serve the defendants with the summons and complaint. In an order dated July 11, 2018, the court denied the plaintiff's motion. Subsequently, after the process server twice failed to appear for a scheduled hearing to determine the validity of service of process, the court, in an order dated December 18, 2018, in effect, granted the defendants' motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. The plaintiff appeals.
Where service is not timely made, the court may, within its discretion, extend the time for service upon either good cause or in the interest of justice (see CPLR 306-b; Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101). Here, the plaintiff failed to demonstrate good cause for an extension of time to serve the defendants under CPLR 306-b. The only attempted service upon the defendants was made in April 2011. According to the plaintiff's process server, all copies of the summons and complaint were handed to Lorraine. In their respective affidavits submitted in support of their motion to dismiss, which was made in May 2016, the defendants each averred that they did not receive any papers from the plaintiff's process server in April 2011. In addition, the defendants set forth significant discrepancies between the process server's physical description of Lorraine and Lorraine's actual physical appearance. Yet, the plaintiff waited until December 2017 to move to extend the time to serve the defendants. As such, the plaintiff failed to demonstrate that it exercised reasonable diligence in attempting to effect service (see Nationstar Mtge., LLC v Wilson, 176 AD3d 1087, 1089).
The plaintiff did, however, establish its entitlement to an extension of time for service of the summons and complaint in the interest of justice (see HSBC Bank USA, N.A. v Lev, 181 AD3d 938, 941). The plaintiff timely commenced the action, the statute of limitations had expired at the time the plaintiff made its motion, the plaintiff had a potentially meritorious cause of action, and there was no demonstrable prejudice to the defendants as a consequence of the delay in service (see State of New York Mtge. Agency v Braun, 182 AD3d 63; Deutsche Bank, AG v Vik, 149 AD3d 600; Jhang v Nassau Univ. Med. Ctr., 140 AD3d 1018). Accordingly, the Supreme Court should have granted the plaintiff's motion pursuant to CPLR 306-b and should not have, in effect, granted the defendants' motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court