U.S. Bank, N.A. v Faracco (2022 NY Slip Op 02573)

U.S. Bank, N.A. v Faracco

2022 NY Slip Op 02573

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2019-10204
 (Index No. 23325/12)

[*1]U.S. Bank, National Association, etc., respondent,
v
John Faracco, appellant, et al., defendants.

DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Eric J. Mandell of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Daniel S. LoPresti of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant John Faracco appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated June 13, 2019. The order, insofar as appealed from, granted the plaintiff's application pursuant to CPLR 306-b to extend the time to serve that defendant with the summons and complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as granted the plaintiff's application pursuant to CPLR 306-b to extend the time to serve the defendant John Faracco with the summons and complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see id. § 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On August 1, 2012, the plaintiff commenced this action to foreclose a mortgage executed by the defendant John Faracco (hereinafter the defendant) on or about June 24, 2005, encumbering certain premises located in Ocean Beach. In an order dated June 3, 2015, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference. Thereafter, the court issued a judgment of foreclosure and sale dated April 17, 2017. A foreclosure sale was noticed for October 26, 2017.
On October 23, 2017, the defendant moved by order to show cause, inter alia, to vacate the judgment of foreclosure and sale, arguing that he was not properly served with a copy of the summons and complaint. After a hearing on the validity of service of process upon the defendant, the Supreme Court determined that the defendant was not properly served, and thus, that it did not have personal jurisdiction over him. The court, among other things, vacated the judgment of foreclosure and sale and granted the plaintiff's application, made during the course of the hearing, pursuant to CPLR 306-b to extend the time for service in the interest of justice. The defendant [*2]appeals from so much of the order as granted the plaintiff's application pursuant to CPLR 306-b to extend the time for service.
CPLR 306-b provides, inter alia, that with limited exception, service of the summons and complaint shall be made within 120 days after the commencement of the action and "[i]f service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service." An extension of time for service is a matter within the court's discretion (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101).
The interest of justice standard requires an analysis of the factual setting of the case and a balancing of the competing interests presented by the parties (see id. at 105). "Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter" (id.). Rather, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (id. at 105-106).
Here, the plaintiff commenced this action within the statute of limitations, an affidavit of service purported that the defendant had been served within the 120-day period after commencement of the action, and the plaintiff proceeded with the action as if service had been made.
Although the Supreme Court, after the hearing, determined that service was defective and the plaintiff failed to promptly move for an extension of time to serve the summons and complaint in response to the defendant's order to show cause, the plaintiff did so during the course of the hearing once it became apparent that the defendant had not been properly served. Moreover, the statute of limitations had expired at the time the plaintiff made its application, the plaintiff had a meritorious cause of action, and there was no demonstrable prejudice to the defendant, particularly in light of evidence in the record that he had actual notice of the action in 2014. Under these circumstances, the court providently exercised its discretion in granting the plaintiff's application pursuant to CPLR 306-b for an extension of time within which to effect service upon the defendant in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 107; Wells Fargo Bank, N.A. v McCarthy, 195 AD3d 983, 985; Wachovia Bank, N.A. v Greenberg, 190 AD3d 1007, 1008-1009; JPMorgan Chase Bank, N.A. v Kothary, 178 AD3d 791, 793).
To the extent that the defendant contends that the plaintiff's application should have been denied because it was not made by way of a proper cross motion, such contention is improperly raised for the first time in the defendant's reply brief (see Rich v Donnenfeld, 191 AD3d 909, 911).
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court