Countrywide Home Loans, Inc. v Lyons (2023 NY Slip Op 04654)

Countrywide Home Loans, Inc. v Lyons

2023 NY Slip Op 04654

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-00309
 (Index No. 20663/08)

[*1]Countrywide Home Loans, Inc., appellant, 
v
Raina Lyons, et al., defendants, Joseph A. Jacob, respondent.

J. Robbin Law, P.C., Ammonk, NY (Jacquelyn A. DiCicco and Jonathan M. Robbin of counsel), for appellant.
Fine Law Offices, Babylon, NY (Charles Fine of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Steven M. Jaeger, J.), dated October 15, 2020. The order denied the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the defendant Joseph A. Jacob with the summons and complaint.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the defendant Joseph A. Jacob with the summons and complaint is granted.
In 2008, the plaintiff commenced this action to foreclose a consolidated mortgage given by the defendant Joseph A. Jacob (hereinafter the defendant) encumbering real property located in Massapequa Park. The defendant allegedly was served with process at the mortgaged premises on November 29, 2008, pursuant to CPLR 308(2) by service upon the defendant Raina Lyons as co-tenant. In October 2009, the Supreme Court granted the plaintiff's unopposed motion for an order of reference. In April 2019, the plaintiff moved pursuant to CPLR 4403 and RPAPL 1351 to confirm a referee's report dated January 16, 2019, and for a judgment of foreclosure and sale. In May 2019, the defendant cross-moved pursuant to CPLR 3211(a)(8) and 5015(a)(4) to vacate the order of reference, asserting that he and Lyons separated in June 2008 at which time he relocated to his mother's residence, where he remained until a 2010 reconciliation with Lyons. The court denied the plaintiff's motion with leave to renew and granted the defendant's cross-motion to the extent of directing a hearing to determine the validity of service of process. Just prior to the hearing, scheduled for January 17, 2020, the plaintiff moved by order to show cause pursuant to CPLR 306-b for leave to extend its time to serve the defendant with the summons and complaint. The defendant opposed the motion. By order dated October 15, 2020, the court denied the motion. The plaintiff appeals.
The Supreme Court improvidently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the defendant. "Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant a motion for an extension of time within which to effect service of the summons and complaint for good cause shown or in the interest of justice" (Wells Fargo Bank, N.A. v Ciafone, 188 AD3d 957, 958). "Good cause and interest of justice are [*2]two separate and independent statutory standards" (Wells Fargo Bank v Ciafone, 188 AD3d at 958 [internal quotation marks omitted]). "Good cause requires a showing of reasonable diligence in attempting to effect service" (Emigrant Bank v Estate of Robinson, 144 AD3d 1084, 1085). "[I]n deciding whether to grant a motion to extend the time for service in the interest of justice, the court must carefully analyze the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter" (Wells Fargo Bank, N.A. v Kaul, 180 AD3d 956, 958 [internal quotation marks omitted]). Under the interest of justice standard, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to [the] defendant" (Wells Fargo Bank, N.A. v Boakye-Yiadom, 213 AD3d 976, 977 [internal quotation marks omitted]).
Here, the plaintiff failed to demonstrate good cause for an extension of time to serve the defendant under CPLR 306-b. In support of the motion, the plaintiff offered nothing more than the affidavit of service of its process server. While a process server's affidavit of service creates a presumption of proper service, the Supreme Court had already determined that the defendant presented sufficient evidence to warrant a hearing on the validity of service of process (see HSBC Bank, USA v Gibatov, 183 AD3d 555, 556).
However, the plaintiff established its entitlement to an extension of time to serve the defendant with the summons and complaint in the interest of justice. The plaintiff established that the action was timely commenced, that service was timely attempted and was perceived by the plaintiff to have been made within 120 days after the commencement of the action, and that the plaintiff promptly sought an extension of time to serve the defendant with the summons and complaint after the defendant challenged service on the ground that it was defective. The plaintiff also established that the statute of limitations had expired when the plaintiff made its motion to extend the time to serve, that the plaintiff had a potentially meritorious cause of action, and that there was no identifiable prejudice to the defendant attributable to the delay in service (see Wells Fargo Bank, N.A. v Boakye-Yiadom, 213 AD3d at 978; HSBC Bank, USA v Gibatov, 183 AD3d at 557).
Accordingly, the Supreme Court should have granted the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the defendant with the summons and complaint.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court