21st Mtge. Corp. v Akter (2025 NY Slip Op 00413)

21st Mtge. Corp. v Akter

2025 NY Slip Op 00413

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2022-09392
 (Index No. 717628/20)

[*1]21st Mortgage Corporation, etc., appellant, 
v
Ruby Akter, etc., et al., defendants.

Taroff & Taitz, LLP, Bohemia, NY (John J. Ricciardi and Linda D. Calder of counsel), for appellant.
David J. Broderick LLC, Forest Hills, NY, for defendant Ruby Akter.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered September 30, 2022. The order denied the plaintiff's unopposed motion, in effect, pursuant to CPLR 306-b to extend the time to serve the defendant Ruby Akter with the summons and complaint and to cancel a scheduled hearing to determine the validity of service of process upon that defendant.
ORDERED that the order is affirmed, without costs or disbursements.
In August 2014, the plaintiff commenced this action to foreclose a mortgage given by the defendant Ruby Akter (hereinafter the defendant) encumbering certain real property, a two-family dwelling, located in Queens. The defendant allegedly was served with process on August 18, 2014, pursuant to CPLR 308(2) by delivery of the summons and complaint to a person of suitable age and discretion at the property. In an order and judgment of foreclosure and sale entered July 12, 2018, upon the defendant's failure to appear in the action, the Supreme Court, inter alia, directed the sale of the property. In June 2019, the defendant moved, among other things, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against her for lack of personal jurisdiction. In an order dated December 2, 2019, the court granted the defendant's motion to the extent of directing a hearing to determine the validity of service of process upon her. Prior to the scheduled hearing, in January 2020, the plaintiff moved, in effect, pursuant to CPLR 306-b to extend the time to serve the defendant with the summons and complaint and to cancel the hearing. In an order entered September 30, 2022, the court denied the plaintiff's unopposed motion. The plaintiff appeals.
"Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant a motion for an extension of time to effect service for 'good cause shown' or 'in the interest of justice'" (BAC Home Loans Servicing, L.P. v Tessler, 208 AD3d 619, 621, quoting CPLR 306-b; see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104; Countrywide Home Loans, Inc. v Lyons, 219 AD3d 1404, 1405-1406). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (Wells Fargo Bank, N.A. v Fameux, 201 AD3d 1012, 1014; see Countrywide Home Loans, Inc. v Lyons, 219 AD3d at 1405-1406). "If good cause for an extension is not established, courts must consider the broader interest of justice standard of CPLR 306-b" (State of [*2]New York Mtge. Agency v Braun, 182 AD3d 63, 66). Under the interest of justice standard, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; see Countrywide Home Loans, Inc. v Lyons, 219 AD3d at 1406; Gooden v New York City Health & Hosps. Corp., 216 AD3d 1143, 1145).
Here, if the Supreme Court determines after the hearing directed in the order dated December 2, 2019, that the defendant was not properly served—an issue on which we take no position—then the issue of whether the plaintiff should be granted leave to extend the time within which to serve the summons and complaint will become relevant (see Wilbyfont v New York Presbyt. Hosp., 131 AD3d 605, 606). Based on the record before us, the plaintiff failed to demonstrate good cause for an extension of time to serve the defendant with the summons and complaint, as the plaintiff failed to establish that it exercised reasonably diligent efforts in attempting to effectuate proper service upon the defendant (see Marzan v Petit-Frere, 220 AD3d 852, 853; Countrywide Home Loans, Inc. v Lyons, 219 AD3d at 1406; Marjam Supply Co., Inc. v Warwick Props., Inc., 217 AD3d 853, 855). Further, contrary to the plaintiff's contention, it failed to establish its entitlement to an extension of time to serve the defendant with the summons and complaint in the interest of justice (see LaSalle Bank, NA v Ferrari, 210 AD3d 976, 978; BAC Home Loans Servicing, L.P. v Tessler, 208 AD3d at 621; Nationstar Mtge., LLC v Wilson, 176 AD3d 1087, 1090; Wells Fargo Bank, NA v Barrella, 166 AD3d 711, 714).
Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion, inter alia, in effect, pursuant to CPLR 306-b to extend the time to serve the defendant with the summons and complaint.
CONNOLLY, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court