Juliano v Indig (2025 NY Slip Op 02195)

Juliano v Indig

2025 NY Slip Op 02195

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-05530
 (Index No. 28800/11)

[*1]Michael Juliano, respondent, 
v
Moishe Indig, appellant, et al., defendants.

Law Office of Abigail Shvartsman, P.C., Brooklyn, NY (Abigail E. Shvartsman of counsel), for appellant.
Held & Hines, LLP, Brooklyn, NY (Philip M. Hines of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant Moishe Indig appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated January 18, 2023. The order, insofar as appealed from, granted that branch of the plaintiff's cross-motion which was pursuant to CPLR 306-b to extend the time to serve the amended summons and complaint upon the defendant Moishe Indig.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against, among others, the defendant Moishe Indig. Indig failed to appear or answer the amended complaint. On September 28, 2018, after an inquest on the issue of damages, the plaintiff obtained a default judgment against Indig, among others. In May 2021, after allegedly receiving a letter from his bank concerning the plaintiff's attempt to enforce the default judgment, Indig moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the default judgment dated September 28, 2018, insofar as asserted against him for lack of personal jurisdiction due to improper service of process. The plaintiff cross-moved, among other things, pursuant to CPLR 306-b to extend the time to serve the amended summons and complaint upon Indig. By order dated January 18, 2023, the Supreme Court granted Indig's motion and that branch of the plaintiff's cross-motion which was pursuant to CPLR 306-b to extend the time to serve the amended summons and complaint upon Indig. Indig appeals from so much of the order as granted that branch of the plaintiff's cross-motion which was pursuant to CPLR 306-b to extend the time to serve the amended summons and complaint upon Indig.
Pursuant to CPLR 306-b, a court may exercise its discretion to extend a plaintiff's time to effectuate service for good cause shown or in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105; PNC Bank, N.A. v Sarfaty, 225 AD3d 721, 722). "Good cause and interest of justice are two separate and independent statutory standards" (Countrywide Home Loans, Inc. v Lyons, 219 AD3d 1404, 1406 [internal quotations marks omitted]; see U.S. Bank, N.A. v Faracco, 204 AD3d 953, 954-955). "Good cause requires a showing of reasonable diligence in attempting to effect service" (Countrywide Home Loans, Inc. v Lyons, 219 AD3d at 1406 [internal quotation marks omitted]; see Darko v Guerrino, 169 AD3d 768, 769-770). "In considering the interest of justice standard, the court may consider diligence, or lack thereof, along [*2]with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to the defendant" (U.S. Bank N.A. v Bindra, 217 AD3d 719, 720 [internal quotation marks omitted]; see Federal Natl. Mtge. Assn. v Cassis, 187 AD3d 1145, 1148).
Under the circumstances of this case, the plaintiff failed to demonstrate good cause for an extension of time to serve Indig under CPLR 306-b (see Countrywide Home Loans, Inc. v Lyons, 219 AD3d at 1406; U.S. Bank N.A. v Bindra, 217 AD3d at 720). Nevertheless, the Supreme Court, in effect, providently exercised its discretion in granting that branch of the plaintiff's cross-motion which was pursuant to CPLR 306-b in the interest of justice. The plaintiff established, among other things, that the action was timely commenced and that service was timely attempted and was perceived by the plaintiff to have occurred within the 120-day period (see U.S. Bank N.A. v Bindra, 217 AD3d at 720; Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d 742, 743). Moreover, the statute of limitations had expired at the time the plaintiff made his cross-motion, the plaintiff submitted evidence of a potentially meritorious cause of action, and there was no demonstrable prejudice to Indig, particularly in light of evidence in the record that he had actual notice of the action within 120 days of the filing of the amended summons and complaint (see U.S. Bank, N.A. v Faracco, 204 AD3d at 954-955; HSBC Bank, USA v Gibatov, 183 AD3d 555, 557).
Under these circumstances, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's cross-motion which was pursuant to CPLR 306-b to extend the time to serve the amended summons and complaint upon Indig.
CONNOLLY, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court