Nationstar Mtge., LLC v Balsamo (2026 NY Slip Op 00785)

Nationstar Mtge., LLC v Balsamo

2026 NY Slip Op 00785

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-11435
 (Index No. 17834/09)

[*1]Nationstar Mortgage, LLC, appellant, 
vDonato Balsamo, respondent, et al., defendant.

McCabe, Weisberg & Conway, LLC (Day Pitney LLP, New York, NY [Alfred W. J. Marks and Kevin T. MacTiernan], of counsel), for appellant.
Zimmerman Law, P.C., Huntington Station, NY (Michael Zimmerman and Naomi Trainer of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), dated November 14, 2023. The order, insofar as appealed from, in effect, upon reargument, adhered to a determination in an order of the same court entered May 31, 2023, denying the plaintiff's application pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Donato Balsamo.
ORDERED that the order dated November 14, 2023, is affirmed insofar as appealed from, with costs.
This action to foreclose a mortgage was commenced in 2009. The defendant Donato Balsamo (hereinafter the defendant) failed to answer the complaint. In May 2018, the plaintiff moved for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In an order entered October 24, 2018, the Supreme Court, among other things, granted the plaintiff's motion and denied that branch of the defendant's cross-motion. A judgment of foreclosure and sale was entered, inter alia, directing the sale of the property. In a decision and order dated October 7, 2020, this Court, among other things, reversed the judgment of foreclosure and sale, determining that although the plaintiff demonstrated, prima facie, that the defendant had been properly served, the defendant rebutted that prima facie showing (see Nationstar Mtge., LLC v Balsamo, 187 AD3d 769, 769). The matter was remitted to the Supreme Court, Nassau County, inter alia, for a hearing to determine the validity of service of process upon the defendant (id. at 770).
The hearing took place on May 9, 2023, at which the plaintiff produced no witnesses and the Supreme Court determined that the plaintiff failed to demonstrate that the defendant was properly served. At the hearing, the plaintiff made an application pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant. In an order entered May 31, 2023, the court, among other things, denied the application. Thereafter, the plaintiff moved, inter alia, for leave to reargue its application pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant. In an order dated November 14, 2023, the court, among other things, [*2]in effect, granted reargument and, upon reargument, adhered to the determination denying the plaintiff's application pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant. The plaintiff appeals.
"Service of the summons and complaint . . . shall be made within one hundred twenty days after the commencement of the action or proceeding" (id.). "If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (id.). "'Good cause' and 'interest of justice' are two separate and independent statutory standards" (Wells Fargo Bank, NA v Barrella, 166 AD3d 711, 713 [internal quotation marks omitted]). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (id. [internal quotation marks omitted]). Good cause may be absent where a plaintiff did not make an attempt to serve a defendant within the 120-day period after the complaint was filed (see BAC Home Loans Servicing, L.P. v Rogener, 171 AD3d 996, 998). "[A]n attempt at service that later proves defective cannot be the basis for a 'good cause' extension of time to serve process pursuant to CPLR 306-b" (Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d 742, 743; see Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784, 787-788).
Here, the plaintiff failed to demonstrate that it had previously made a valid attempt to serve the defendant within the 120-day period after the complaint was filed. This Court previously determined that the defendant rebutted the plaintiff's prima facie showing of valid service (see Nationstar Mtge., LLC v Balsamo, 187 AD3d at 769). The plaintiff did not produce any further evidence in support of its contention that service was valid. Therefore, the plaintiff did not demonstrate good cause for an extension (see Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d at 743).
"[T]he more flexible 'interest of justice' standard accommodates late service that might be due to mistake, confusion, or oversight, so long as there is no prejudice to the defendant" (HSBC Bank, USA v Gibatov, 183 AD3d 555, 556 [internal quotation marks omitted]). "'[T]he court may consider diligence, or lack thereof, along with any other relevant factor . . . , including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant'" (State of New York Mtge. Agency v Braun, 182 AD3d 63, 66-67, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106). "Where the plaintiff's delay in serving a defendant is protracted, and the defendant has no notice of the action for a protracted period of time, an inference of substantial prejudice arises" (Wells Fargo Bank, NA v Barrella, 166 AD3d at 714). "The determination of whether to grant the extension in the interest of justice is within the discretion of the motion court" (Rosenzweig v 600 N. St., LLC, 35 AD3d 705, 706).
Here, although the plaintiff demonstrated a potentially meritorious cause of action, other factors weighed against granting an extension of time to serve the complaint in the interest of justice. After this Court remitted the matter to the Supreme Court, Nassau County, for a hearing to determine the validity of service of process upon the defendant (see Nationstar Mtge., LLC v Balsamo, 187 AD3d at 769), the plaintiff failed to promptly request an extension of time. The plaintiff also failed to rebut the inference of substantial prejudice that arose from its protracted delay in serving the defendant, as, contrary to the plaintiff's contention, there is no indication in the record that the defendant had notice of this action until nearly nine years after the action was commenced (see Wells Fargo Bank, NA v Barrella, 166 AD3d at 714). Under these circumstances, the plaintiff failed to establish its entitlement to an extension of time to serve the defendant under the interest of justice standard (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 107; Wells Fargo Bank, NA v Barrella, 166 AD3d at 714).
Accordingly, the Supreme Court providently exercised its discretion by, in effect, upon reargument, adhering to the determination denying the plaintiff's application pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court