Wachovia Bank, N. A. v Greenberg (2021 NY Slip Op 00452)





Wachovia Bank, N. A. v Greenberg


2021 NY Slip Op 00452


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-09424
 (Index No. 21560/09)

[*1]Wachovia Bank, National Association, respondent, 
v
Daniel Greenberg, appellant, et al., defendants.


Jonathan A. Stein, P.C., Cedarhurst, NY, for appellant.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Daniel Greenberg appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 30, 2018. The order, insofar as appealed from, upon reargument, in effect, vacated a prior order of the same court entered April 25, 2017, denying, as academic, the plaintiff's motion pursuant to CPLR 306-b to extend its time to serve the defendant Daniel Greenberg in the interest of justice, and thereupon granted the plaintiff's prior motion.
ORDERED that the order entered April 30, 2018, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Daniel Greenberg (hereinafter the defendant). The defendant did not answer or timely move to dismiss the complaint, and the Supreme Court entered a judgment of foreclosure and sale on September 18, 2013. The defendant thereafter moved pursuant to CPLR 5015(a) and CPLR 317 to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him. The court denied the defendant's motion, and he appealed. By decision and order dated April 20, 2016, this Court, inter alia, reversed the Supreme Court's order and remitted the matter to the Supreme Court for a hearing on the issue of whether the defendant was properly served with process.
In November 2016, the plaintiff moved pursuant to CPLR 306-b to extend its time to serve the defendant in the interest of justice. In January 2017, after a hearing, the Supreme Court determined that the defendant was not properly served with process, and directed dismissal of the complaint insofar as asserted against him.
The defendant thereafter opposed the plaintiff's motion pursuant to CPLR 306-b to extend its time to serve him. By order entered April 25, 2017, the Supreme Court denied the plaintiff's motion as academic.
In October 2017, the plaintiff moved for leave to reargue its prior motion to extend its time to serve the defendant. By order entered April 30, 2018, the Supreme Court, among other [*2]things, upon reargument, in effect, vacated the order entered April 25, 2017, and thereupon, granted the plaintiff's prior motion pursuant to CPLR 306-b to extend its time to serve the defendant. The defendant appeals.
Pursuant to CPLR 306-b, a court may extend the time for service "upon good cause shown or in the interest of justice." "'Good cause' and 'interest of justice' are two separate and independent statutory standards" (BAC Home Loans Servicing, L.P. v Rogener, 171 AD3d 996, 998). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 31; see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106). Here, the plaintiff does not contend that it established good cause to extend its time to serve the defendant. Rather, the plaintiff solely contends that its motion was properly granted in the interest of justice.
"In deciding whether to grant a motion to extend the time for service 'in the interest of justice,' the court must carefully analyze 'the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant'" (BAC Home Loans Servicing, L.P. v Rogener, 171 AD3d at 998, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; see Wells Fargo Bank, N.A. v Kaul, 180 AD3d 956, 958). Here, the plaintiff established that an extension of time was warranted in the interest of justice. The plaintiff demonstrated that the action was timely commenced, that the statute of limitations had expired when it moved to extend the time to serve, that it had a potentially meritorious cause of action, that there was no identifiable prejudice to the defendant, and that service was timely attempted and was perceived by the plaintiff to have been made within 120 days after the commencement of the action, but was subsequently found to have been defective (see HSBC Bank, USA v Gibatov, 183 AD3d 555; cf. Wells Fargo Bank, N.A. v Kaul, 180 AD3d at 958).
Accordingly, we agree with the Supreme Court's determination, upon reargument, to grant the plaintiff's prior motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint on the defendant in the interest of justice.
MASTRO, A.P.J., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court