Edwards v Brooklyn Hosp. Ctr. (2022 NY Slip Op 05022)

Edwards v Brooklyn Hosp. Ctr.

2022 NY Slip Op 05022

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2020-03200
 (Index No. 522212/18)

[*1]Cecil Edwards, et al., respondents, 
v
Brooklyn Hospital Center, defendant, Nelson Menezes, etc., appellant.

Dwyer & Taglia, New York, NY (Peter R. Taglia of counsel), for appellant.
Michael F. Newton, Brooklyn, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Nelson Menezes appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated February 3, 2020. The order, insofar as appealed from, granted that branch of the plaintiffs' cross motion which was pursuant to CPLR 306-b to extend the time to serve the defendant Nelson Menezes.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action on November 2, 2018. On February 25, 2019, the plaintiffs properly served the summons with notice upon the defendant Brooklyn Hospital Center, and, relying on a hospital clerk's representation that she could accept legal papers on behalf of the defendant Nelson Menezes, the plaintiffs attempted to serve Menezes by leaving the summons with notice with the clerk.
On June 3, 2019, Menezes moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him, arguing that he was not properly served. In support of his motion, Menezes submitted, among other things, an affidavit in which he averred that while he was an attending physician at Brooklyn Hospital Center, he did not maintain an office at the hospital. Menezes further asserted that he maintains two offices in Brooklyn, one located on Willoughby Street and the other located on Joralemon Street. Thereafter, the plaintiffs attempted to serve Menezes at his office located on Willoughby Street on July 29, 2019, and cross-moved, inter alia, pursuant to CPLR 306-b to extend the time to serve Menezes in the interest of justice. The Supreme Court, among other things, granted that branch of the cross motion, and deemed the service effectuated on Menezes on July 29, 2019, to have been timely made nunc pro tunc.
Pursuant to CPLR 306-b, a court may extend the time for service "upon good cause shown or in the interest of justice." "'Good cause' and 'interest of justice' are two separate and independent statutory standards" (Wachovia Bank, N.A. v Greenberg, 190 AD3d 1007, 1008, quoting BAC Home Loans Servicing, L.P. v Rogener, 171 AD3d 996, 998). Here, the plaintiffs sought relief solely in the interest of justice.
"In deciding whether to grant a motion to extend the time for service 'in the interest of justice,' the court must carefully analyze the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Wachovia, N.A. v Greenberg, 190 AD3d at 1008 [internal quotation marks omitted]).
Here, the plaintiffs established that an extension of time was warranted in the interest of justice. The plaintiffs demonstrated that the action was timely commenced; that service was timely attempted and was believed by the plaintiffs to have been made within 120 days after the commencement of the action but was subsequently found to be defective; that the plaintiffs have a potentially meritorious cause of action; that the statute of limitations has expired; and that the extension of time does not prejudice Menezes (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101; Rabinovich v Maimonides Med. Ctr., 179 AD3d 88, 91; Henneberry v Borstein, 91 AD3d 493, 496).
Accordingly, the Supreme Court properly granted that branch of the plaintiffs' cross motion which was pursuant to CPLR 306-b to extend the time to serve Menezes.
BRATHWAITE NELSON, J.P., RIVERA, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court