Wells Fargo Bank, N.A. v Boakye-Yiadom (2023 NY Slip Op 01026)

Wells Fargo Bank, N.A. v Boakye-Yiadom

2023 NY Slip Op 01026

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2019-14294
 (Index No. 67753/14)

[*1]Wells Fargo Bank, National Association, etc., appellant, 
v
Kwame Boakye-Yiadom, respondent, et al., defendants.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Jason W. Creech of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated April 12, 2017. The order granted the motion of the defendant Kwame Boakye-Yiadom pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him and denied the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve that defendant and deem service of the summons and complaint on that defendant timely, nunc pro tunc.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, the motion of the defendant Kwame Boakye-Yiadom pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him is denied, and the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve that defendant and deem service of the summons and complaint on that defendant timely, nunc pro tunc, is granted.
On September 23, 2014, the plaintiff commenced this action to foreclose a mortgage executed by the defendant Kwame Boakye-Yiadom (hereinafter the defendant) encumbering certain real property located in Manorville. In his answer, the defendant disputed proper service of process and raised the affirmative defense of lack of personal jurisdiction. The defendant then moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him, inter alia, on the ground of lack of personal jurisdiction based on improper service of process.
The plaintiff opposed the defendant's motion and cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. Subsequently, the plaintiff moved pursuant to CPLR 306-b to extend the time to serve the defendant and deem service of the summons and complaint on the defendant timely, nunc pro tunc.
The Supreme Court denied the plaintiff's motion pursuant to CPLR 306-b and granted the defendant's motion to dismiss the complaint insofar as asserted against him on the ground of lack of personal jurisdiction due to untimely service of process. The court determined that the interest of justice did not warrant granting the plaintiff's motion because this action would be subject to dismissal pursuant to CPLR 3217(c), as the plaintiff had previously commenced two separate actions to foreclose the mortgage, both of which had been discontinued. The plaintiff appeals.
The Supreme Court improvidently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 306-b. Pursuant to CPLR 306-b, a court may, in the exercise of its discretion, grant a motion for an extension of time within which to effect service for good cause shown or in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95; Emigrant Bank v Estate of Robinson, 144 AD3d 1084, 1085). "Good cause requires a showing of reasonable diligence in attempting to effect service" (Emigrant Bank v Estate of Robinson, 144 AD3d at 1085). "[I]n deciding whether to grant a motion to extend the time for service in the interest of justice, the court must carefully analyze the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter" (Wells Fargo Bank, N.A. v Kaul, 180 AD3d 956, 958 [internal quotation marks omitted]). Under the interest of justice standard, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to [the] defendant" (Turner v Sideris, 209 AD3d 915, 916 [internal quotation marks omitted]).
Here, the plaintiff established that an extension of time to serve the defendant was warranted in the interest of justice. The plaintiff demonstrated that the action was timely commenced, that service was timely attempted and was believed by the plaintiff to have been made within 120 days after the commencement of the action but was subsequently found to be defective, that the statute of limitations had expired, and that the extension of time would not prejudice the defendant as the defendant had actual notice of the action (see Edwards v Brooklyn Hosp. Ctr., 208 AD3d 755, 757; see also U.S. Bank, N.A. v Faracco, 204 AD3d 953, 954; U.S. Bank N.A. v Aoudou, 189 AD3d 1301, 1304). Further, the plaintiff established that it had a potentially meritorious action, which, contrary to the Supreme Court's determination, was not subject to dismissal pursuant to CPLR 3217(c). CPLR 3217(c) provides that "[u]nless otherwise stated in the notice, stipulation or order of discontinuance, the discontinuance is without prejudice, except that a discontinuance by means of notice operates as an adjudication on the merits if the party has once before discontinued by any method an action based on or including the same cause of action." Here, although the plaintiff commenced an action in 2009 to foreclose the mortgage, which was discontinued by means of notice, the plaintiff's second action to foreclose the mortgage was discontinued by a court order, not by notice (see US Bank N.A. v Cockfield, 143 AD3d 889, 890). The dismissal of a second action after a previous discontinuance only operates as an adjudication on the merits if that second discontinuance is achieved by means of notice (see US Bank Trust, N.A. v Loring, 193 AD3d 1101, 1104).
Accordingly, the Supreme Court should have granted the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the defendant and deem service of the summons and complaint on the defendant timely, nunc pro tunc, and denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
We do not reach the issues that the plaintiff raises with respect to its cross-motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. That cross-motion was not addressed in the order appealed from and, thus, remains pending and undecided (see Katz v Katz, 68 AD2d 536, 542-543).
The plaintiff's remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., CHRISTOPHER, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court