Bhatara v Kolaj (2023 NY Slip Op 06721)

Bhatara v Kolaj

2023 NY Slip Op 06721

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2020-06750
2020-06752
 (Index No. 704156/13)

[*1]Atul Bhatara, et al., respondents, 
v
Paul Kolaj, et al., appellants, et al., defendant.

Greenberg Freeman LLP, New York, NY (Michael A. Freeman of counsel), for appellants.
Aidala Bertuna & Kamins, P.C., New York, NY (Imran H. Ansari of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and fraud, the defendants Paul Kolaj, John Kolaj, Famiglia-DeBartolo, LLC, Famous Famiglia Holdings, LLC, Famiglia International, LLC, Famiglia International, Inc., Famiglia-DeBartolo Operations, LLC, Famiglia-DeBartolo Franchise Systems, LLC, FD Leasing Group, LLC, Famous Famiglia Brands, LLC, FF Franchise Systems, LLC, Famiglia-DeBartolo Brands, LLC, and Friendship Restaurant Group, LLC, appeal from (1) an order of the Supreme Court, Queens County (Leonard Livote, J.), dated June 27, 2019, and (2) an order of the same court entered June 11, 2020. The order dated June 27, 2019, insofar as appealed from, granted those branches of the plaintiffs' motion which were pursuant to CPLR 3025(b) for leave to amend the complaint to add Vishal Sharma as a plaintiff and to add John Kolaj, Famous Famiglia Holdings, LLC, Famiglia International, LLC, Famiglia International, Inc., Famiglia-DeBartolo Operations, LLC, Famiglia-DeBartolo Franchise Systems, LLC, FD Leasing Group, LLC, Famous Famiglia Brands, LLC, FF Franchise Systems, LLC, and Famiglia-DeBartolo Brands, LLC, as defendants, and denied the cross-motion of the defendants Paul Kolaj, Famiglia-DeBartolo, LLC, and Friendship Restaurant Group, LLC, pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging fraud insofar as asserted against them. The order entered June 11, 2020, in effect, denied the motion of the defendants John Kolaj, Famous Famiglia Holdings, LLC, Famiglia International, LLC, Famiglia International, Inc., Famiglia-DeBartolo Operations, LLC, Famiglia-DeBartolo Franchise Systems, LLC, FD Leasing Group, LLC, Famous Famiglia Brands, LLC, FF Franchise Systems, LLC, and Famiglia-DeBartolo Brands, LLC, pursuant to CPLR 3211(a)(8) and 306-b to dismiss the amended complaint insofar as asserted against them and granted the plaintiffs' cross-motion, in effect, pursuant to CPLR 306-b to extend the time to serve the amended complaint upon those defendants.
ORDERED that the appeal by the defendants John Kolaj, Famous Famiglia Holdings, LLC, Famiglia International, LLC, Famiglia International, Inc., Famiglia-DeBartolo Operations, LLC, Famiglia-DeBartolo Franchise Systems, LLC, FD Leasing Group, LLC, Famous Famiglia Brands, LLC, FF Franchise Systems, LLC, and Famiglia-DeBartolo Brands, LLC, from the order dated June 27, 2019, is dismissed, as no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the appeal by the defendants Paul Kolaj, Famiglia-DeBartolo, LLC, and Friendship Restaurant Group, LLC, from the order entered June 11, 2020, is dismissed, as those defendants are not aggrieved by that order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order dated June 27, 2019, is affirmed insofar as appealed from by the defendants Paul Kolaj, Famiglia-DeBartolo, LLC, and Friendship Restaurant Group, LLC; and it is further,
ORDERED that the order entered June 11, 2020, is affirmed insofar as appealed from by the defendants John Kolaj, Famous Famiglia Holdings, LLC, Famiglia International, LLC, Famiglia International, Inc., Famiglia-DeBartolo Operations, LLC, Famiglia-DeBartolo Franchise Systems, LLC, FD Leasing Group, LLC, Famous Famiglia Brands, LLC, FF Franchise Systems, LLC, and Famiglia-DeBartolo Brands, LLC; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In 2013, the plaintiffs USHA Holdings, LLC (hereinafter USHA), and Atul Bhatara, a principal of USHA (hereinafter together the original plaintiffs), commenced this action, inter alia, to recover damages for breach of contract and fraud against the defendants Paul Kolaj (hereinafter Paul), Famiglia-DeBartolo, LLC, and Friendship Restaurant Group, LLC (hereinafter Friendship; hereinafter collectively the original defendants), and another defendant. The original plaintiffs alleged that in 2008, they entered into a joint venture agreement with Paul, nonparty Giorgio Kolaj (hereinafter Giorgio), and Famiglia-DeBartolo, LLC, to bid on a New York City Department of Parks and Recreation license to operate a restaurant in an historic building in Bayside. In accordance with the joint venture agreement, Friendship was formed, allegedly with the understanding that USHA would have a 50% ownership interest in Friendship, with management rights and an equal share of profits. The license was awarded to Friendship in December 2008, and USHA made initial capital contributions in the aggregate sum of $675,000 and subsequently invested an additional sum of $447,984. The original plaintiffs further alleged that Paul, Giorgio, and Famiglia-DeBartolo, LLC, proceeded to sell membership interests in Friendship to third-party investors, reducing USHA's ownership interest to 20%, and subsequently sold the restaurant and all of Friendship's assets, including the operating license, to a third party on March 8, 2013. The original plaintiffs alleged that after the sale of the restaurant and Friendship's assets, they learned that Paul, Giorgio, and Famiglia-DeBartolo, LLC, had never issued any membership interest in Friendship to USHA and had instead vested all ownership rights with Giorgio.
In January 2019, the original plaintiffs moved, inter alia, pursuant to CPLR 3025(b) for leave to amend the complaint to add Vishal Sharma as a plaintiff and to add John Kolaj, Famous Famiglia Holdings, LLC, Famiglia International, LLC, Famiglia International, Inc., Famiglia-DeBartolo Operations, LLC, Famiglia-DeBartolo Franchise Systems, LLC, FD Leasing Group, LLC, Famous Famiglia Brands, LLC, FF Franchise Systems, LLC, and Famiglia-DeBartolo Brands, LLC (hereinafter collectively the additional defendants), as defendants. The original defendants opposed those branches of the plaintiffs' motion and cross-moved pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging fraud insofar as asserted against them. In an order dated June 27, 2019, the Supreme Court, inter alia, granted those branches of the original plaintiffs' motion and denied the original defendants' cross-motion.
Thereafter, the additional defendants moved pursuant to CPLR 3211(a)(8) and 306-b to dismiss the amended complaint insofar as asserted against them for lack of personal jurisdiction, and the plaintiffs cross-moved, in effect, pursuant to CPLR 306-b to extend the time to serve the amended complaint upon the additional defendants. In an order entered June 11, 2020, the Supreme Court, in effect, denied the additional defendants' motion and granted the plaintiffs' cross-motion. The original defendants and the additional defendants appeal from the order dated June 27, 2019, and the order entered June 11, 2020.
"Leave to amend a pleading should be freely given (see CPLR 3025[b]), provided that [*2]the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit" (Sheila Props., Inc. v A Real Good Plumber, Inc., 59 AD3d 424, 426). "A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed" (Beharrie v MRAG Dev., LLC, 210 AD3d 945, 946 [internal quotation marks omitted]). "A motion for leave to amend a complaint or other pleading to add a cause of action or theory of recovery that is time-barred under the applicable statute of limitations is patently devoid of merit" (Deutsche Bank Natl. Trust Co. v McAvoy, 188 AD3d 808, 810 [internal quotation marks omitted]; see Roco G.C. Corp. v Bridge View Tower, LLC, 166 AD3d 1031, 1033).
Here, even assuming, arguendo, that the original plaintiffs did not seek leave to amend the complaint within the applicable statute of limitations, the plaintiffs demonstrated the applicability of the relation-back doctrine. "'The relation-back doctrine allows a party to be added to an action after the expiration of the statute of limitations, and the claim is deemed timely interposed, if (1) the claim arises out of the same conduct, transaction, or occurrence, (2) the additional party is united in interest with the original party, and (3) the additional party knew or should have known that but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the additional party as well'" (Mitzmacher v Bay Country Owners, 211 AD3d 1025, 1026, quoting Leung v Port Auth. of N.Y. & N.J., 204 AD3d 654, 655 [internal quotation marks omitted]). There is no dispute as to the first prong of the relation-back doctrine. With respect to the second prong, the original plaintiffs demonstrated that the additional defendants were united in interest with the original defendants (see Uddin v A.T.A. Constr. Corp., 164 AD3d 1400, 1401; Donovan v All-Weld Prods. Corp., 34 AD3d 257, 257-258). Further, with respect to the third prong, the original plaintiffs established that their initial failure to add the additional defendants was not intentional, and was the result of a mistake (see Petruzzi v Purow, 180 AD3d 1083, 1085). Accordingly, the Supreme Court properly granted those branches of the original plaintiffs' motion which were pursuant to CPLR 3025(b) for leave to amend the complaint to add Sharma as a plaintiff and the additional defendants as defendants.
Generally, service of a summons and complaint must be made within 120 days after the commencement of the action (see id. § 306-b). "Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant an extension of time within which to effect service for good cause shown or in the interest of justice" (Wells Fargo Bank, N.A. v Fameux, 201 AD3d 1012, 1013; see CPLR 306-b; Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104). "'To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service'" (LaSalle Bank, NA v Ferrari, 210 AD3d 976, 977, quoting Bumpus v New York City Tr. Auth., 66 AD3d 26, 31; see HSBC Bank, USA v Gibatov, 183 AD3d 555, 556). The more flexible interest of justice standard accommodates late service that might be due to mistake, confusion, or oversight, so long as there is no prejudice to the defendant (see US Bank N.A. v Fink, 206 AD3d 858, 860; JPMorgan Chase Bank, N.A. v Kothary, 178 AD3d 791, 793). "In considering the interest of justice standard, 'the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to the defendant'" (Wells Fargo Bank, N.A. v Fameux, 201 AD3d at 1014, quoting State of New York Mtge. Agency v Braun, 182 AD3d 63, 66-67 [internal quotation marks omitted]; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106). The determination of whether to grant an extension of time in the interest of justice is within the discretion of the motion court (see Rosenzweig v 600 N. St., LLC, 35 AD3d 705).
Here, the Supreme Court providently exercised its discretion in granting, in the interest of justice, the plaintiffs' cross-motion, in effect, pursuant to CPLR 306-b to extend the time to serve the amended complaint upon the additional defendants (see U.S. Bank N.A. v Bindra, 217 AD3d 719, 720-721; Wachovia Bank, N.A. v Greenberg, 190 AD3d 1007, 1009). The plaintiffs demonstrated that the action was timely commenced, that service was timely attempted and was believed by the plaintiffs to have been made within 120 days after the commencement of the action but was subsequently found to be defective, that the statute of limitations had expired by the time the plaintiffs filed their cross-motion, and that an extension would not prejudice the additional [*3]defendants (see Wells Fargo Bank, N.A. v Boakye-Yiadom, 213 AD3d 976, 978; Wachovia Bank, N.A. v Greenberg, 190 AD3d at 1008-1009). Further, the plaintiffs established that they had potentially meritorious causes of action (see Wells Fargo Bank, N.A. v Boakye-Yiadom, 213 AD3d at 978). Moreover, under the circumstances of this case, the length of delay was not "particularly egregious" (U.S. Bank N.A. v Bindra, 217 AD3d at 721). Accordingly, the court properly granted the plaintiffs' cross-motion, in effect, pursuant to CPLR 306-b to extend the time to serve the amended complaint upon the additional defendants, and properly, in effect, denied the additional defendants' motion pursuant to CPLR 3211(a)(8) and 306-b to dismiss the amended complaint insofar as asserted against them.
Contrary to the original defendants' contention, the cause of action alleging fraud was not duplicative of the breach of contract cause of action, as it alleged that the defendants made misrepresentations that the plaintiffs would hold a 50% interest in Friendship, and those misrepresentations were collateral to the joint venture agreement and served as an inducement to enter into the agreement (see Deerfield Communications Corp. v Chesebrough-Ponds, Inc., 68 NY2d 954, 956; Transcan Sys., Inc. v Seldat Distrib., Inc., 209 AD3d 911, 914). Also contrary to the original defendants' contention, the cause of action alleging fraud was sufficient to satisfy the pleading requirements of CPLR 3016(b) (see Farro v Schochet, 190 AD3d 698, 699-700). Accordingly, the Supreme Court properly denied the original defendants' cross-motion pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging fraud insofar as asserted against them.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court