Bank of N.Y. v Hernandez (2025 NY Slip Op 06589)

Bank of N.Y. v Hernandez

2025 NY Slip Op 06589

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-06296
 (Index No. 20207/07)

[*1]Bank of New York, etc., respondent, 
v
Juana Hernandez, et al., defendants, Sandra Peguero, appellant.

Young Law, P.C., Brentwood, NY (Ivan E. Young of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta, Peter A. Swift, and Adam Weiss of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sandra Peguero appeals from an order of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated May 1, 2023. The order granted the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Sandra Peguero and thereupon, inter alia, vacated an order of the same court (Denise F. Molia, J.) dated December 8, 2016, directing a hearing to determine the validity of service of process upon that defendant.
ORDERED that the order dated May 1, 2023, is affirmed, with costs.
On January 23, 2006, the defendant Juana Hernandez executed a note in the amount of $975,000. The note was secured by a mortgage on certain real property located in Suffolk County.
On July 26, 2007, the plaintiff commenced this action to foreclose the mortgage against Hernandez and the defendant Sandra Peguero, among others. A process server stated in an amended affidavit of service that he personally served Peguero with the summons and complaint on July 31, 2007. Peguero failed to answer the complaint.
In an order dated April 3, 2008, the Supreme Court appointed a referee to compute the amount due to the plaintiff. In a judgment of foreclosure and sale dated January 14, 2009, the court confirmed the referee's report and directed the sale of the property.
In May 2016, Peguero moved pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her on the ground that she was not properly served with the summons and complaint. In support, she submitted an affidavit in which she stated that at the time of the alleged service, she did not match the description of the person served by the process server. Peguero also submitted a letter from her employer, who stated that Peguero was at work at the time she allegedly was served. In an order dated December 8, 2016, the Supreme Court directed a hearing to determine the validity of service of process upon Peguero.
In November 2017, the plaintiff moved, inter alia, pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Peguero. That motion was never decided. The hearing to determine the validity of service of process was, in effect, held in abeyance while, among other things, Peguero was appointed as the administrator of Hernandez's estate in Florida and New York.
On October 25, 2022, while the hearing to determine the validity of service of process was still pending, the plaintiff again moved pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Peguero. In an order dated May 1, 2023, the Supreme Court granted the plaintiff's motion and thereupon, inter alia, vacated the order dated December 8, 2016. Peguero appeals.
"Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant an extension of time within which to effect service for good cause shown or in the interest of justice" (Bhatara v Kolaj, 222 AD3d 926, 930 [internal quotation marks omitted]). "The more flexible interest of justice standard accommodates late service that might be due to mistake, confusion, or oversight, so long as there is no prejudice to the defendant" (id.). "In considering the interest of justice standard, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to the defendant" (id. [internal quotation marks omitted]).
Here, under the circumstances of this case, the Supreme Court providently exercised its discretion in granting, in the interest of justice, the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Peguero. The plaintiff demonstrated that the action was timely commenced and that service was timely attempted and was believed by the plaintiff to have been made within 120 days after the commencement of the action (see Hall v L & A Operational, LLC, 228 AD3d 846, 847; Bhatara v Kolaj, 222 AD3d at 930-931; Wells Fargo Bank, N.A. v Boakye-Yiadom, 213 AD3d 976, 978). Additionally, the plaintiff demonstrated a potentially meritorious cause of action and that there was no demonstrable prejudice to Peguero as a consequence of the delay in service (see Hall v L & A Operational, LLC, 228 AD3d at 847; Bhatara v Kolaj, 222 AD3d at 930-931; cf. Federal Natl. Mtge. Assn. v Cassis, 187 AD3d 1145, 1148).
The parties' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., GENOVESI, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court