Roach v 215 Sterling LLC (2026 NY Slip Op 50181(U))

[*1]

Roach v 215 Sterling LLC

2026 NY Slip Op 50181(U)

Decided on February 17, 2026

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 17, 2026
Supreme Court, Kings County

Edmindo Roach, Plaintiff,

against215 Sterling LLC, ROSARIO PARLANTI, ENVIRO NYC f/k/a LEAD CLEARANCE INC., Defendants.

Index No. 526930/2025

Yassi Law P.C., New York City (Reza Yassi of counsel), for plaintiff.
Miller, Leiby & Associates, P.C., New York City (Oana Brebenel of counsel), for defendants-movants
Wade Clark Mulcahy LLP, New York City (William Healy of counsel), for other defendant

Aaron D. Maslow, J.

The following papers efiled on NYSCEF were used on this motion: Document Nos. 15-22, 24-28, 35-42
Upon the foregoing papers, having heard oral argument, and due deliberation having been had, the within motion of Defendants 215 Sterling LLC and Rosario Parlanti is determined as follows.BackgroundIn his complaint, Plaintiff claims to have sustained injuries due to alleged exposure to lead in his apartment. In the answer of moving Defendants 215 Sterling LLC and Rosario Parlanti it was alleged as their sixteenth affirmative defense: "That the Court lacks jurisdiction over the Answering Defendants in that the Answering Defendant[s] were not served with a Summons and Complaint, and/or was improperly served with process, as prescribed by the CPLR" (NYSCEF Doc No. 19 ¶ 68). In furtherance of that affirmative defense, Defendants 215 Sterling LLC and Rosario Parlanti move pursuant to CPLR 3211 (a) (8) for dismissal of Plaintiff's complaint as against them for failing to obtain personal jurisdiction.
Movant's Contentions
Defendant Rosario Parlanti argues that he was not served with the commencement papers at all, in contravention of CPLR 308, and that an affidavit of service had not been uploaded to NYSCEF. He argues that since the summons and complaint were not served within 120 days of the action's commencement, the Court may, upon motion, dismiss the action as to the requesting defendant as per CPLR 306 (b). Therefore, Parlanti argues that the instant complaint should be dismissed against him, citing to Yoo v Good Clean Fun (22 AD3d 793 [2d Dept 2023] ["Supreme Court properly . . . granted the defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction."])
Defendant 215 Sterling LLC argues that Plaintiff improperly effectuated service upon it, which warrants dismissal due to a failure to obtain personal jurisdiction. 215 Sterling LLC argues that while Andrea Parlanti accepted service of the papers at 31 Cathedral Avenue, Garden City, New York 11530 on August 21, 2025, she was not authorized to do so inasmuch as she was neither a member, manager, nor employee of 215 Sterling LLC. 215 Sterling LLC has a single member: Rosario Parlanti, who is also listed with the Secretary of State as the person to whom the latter should mail a copy of any process against the LLC (at 31 Cathedral Avenue, Garden City, New York 11530). Therefore, it is 215 Sterling's argument that service was never properly effectuated upon the LLC pursuant to Limited Liability Company Law § 303 or CPLR 311-a. "Andrea Parlanti has never been a member or manager of 215 Sterling and has never been employed by 215 Sterling" (NYSCEF Doc No. 16 ¶ 31). "Andrea Parlanti has never been authorized to accept service on behalf of 215 Sterling" (NYSCEF Doc No. 21 ¶ 7). "Andrea Parlanti has never been designed [sic] to receive service on behalf of 215 Sterling" (id. ¶ 8). 215 Sterling LLC cites to Pinzon v IKEA New York LLC (163 AD3d 733 [2d Dept 2018]), in which the Second Department held that the "[t]rial court lacked personal jurisdiction over limited liability company (LLC) . . . where [the] person purportedly served with [the] summons and complaint was not authorized to receive process on behalf of the LLC" (NYSCEF Doc No. 16 ¶ 27).
Opposition
In opposition, Plaintiff's attorney argues in his affirmation that individual Defendant Parlanti was served but, due to law office failure, the affidavit of service was not uploaded to NYSCEF. Upon learning that Defendants planned to rely on such an argument to dismiss the complaint, Plaintiff's office located the process server and submitted the affidavit of service [*2]together with their opposition papers. The affidavit of service, uploaded as NYSCEF Doc No. 28, attests to Rosario Parlanti being served on August 14, 2025, at 31 Cathedral Avenue, Garden City, New York 11530, by delivery to Caitlin Donovan, the babysitter, whose physical description was set forth. This was followed up with a first-class mailing on August 18, 2025. Thus, Plaintiff further argues that service upon Rosario Parlanti, as an individual, was proper because legal papers were served at his actual place of abode via substituted service.
Plaintiff argues that Defendant Parlanti's argument that a motion to dismiss predicated upon a failure to upload an affidavit of service must fail based upon two separate provisions of the CPLR. Firstly, CPLR 3211 (e) expressly states that proof of service may be provided in opposition to a motion predicated upon improper service, whether it had been previously filed or not. Additionally, the failure to file proof of service is a procedural defect which may be cured by motion or by the Court sua sponte pursuant to CPLR 2004. Here, as Defendants answered in the action, they cannot claim prejudice or surprise. Moreover, Plaintiff chose to treat Defendants' unverified answer as a nullity pursuant to CPLR 3022, because Plaintiff's complaint was verified; therefore, all subsequent pleadings had to have been verified as well according to CPLR 3020. Without a valid answer, the affirmative defense of lack of personal jurisdiction could not be raised.
Plaintiff argues that service upon 215 Sterling LLC was proper because Plaintiff served the LLC at the location listed on the Secretary of State's website as the proper service address. Furthermore, Andrea Parlanti, the wife of Rosario Parlanti, informed the process server that she was authorized to accept the subject papers. Plaintiff argues that the process server reasonably relied on Ms. Parlanti's misrepresentation that she was entitled to accept service on the LLC's behalf, which Plaintiff argues stems from misleading conduct from Defendant Parlanti, acting as principal. Plaintiff argues that apparent authority exists to accept service which, therefore, estops 215 Sterling LLC from arguing that it was not served. Additionally, Plaintiff argues that service should be sustained because the process server acted reasonably and with due diligence, and it is reasonable for a process server to believe that the individual who received process was cloaked with the authority to do so. Aguilera v Pistilli Constr. & Dev. Corp. (63 AD3d 765 [2d Dept 2009] [person served was employee of fellow entity operating out of same office; reasonable for process server to believe person was authorized to accept service for defendant entity]) was relied upon by Plaintiff.
Finally, Plaintiff argues that the action was timely commenced, and service was promptly effectuated with no argument of prejudice on Defendants' part. Plaintiff asks the Court to extend the time "in the interest of justice" should a defect in service be found.
Discussion
Initially, the Court holds that the affirmative defense of lack of personal jurisdiction was preserved in the Defendants' answer. The Court rejects Plaintiff's argument that the answer was not verified, which it should have been since the complaint was verified. The rejection of the answer took place on January 20, 2026, which was more than two months after the answer was served on November 10, 2025. CPLR 3022 requires that an adverse party may treat a pleading as a nullity proved notice is given with due diligence. A delay of more than two months does not constitute due diligence (see Rozz v Law Offs. of Saul Kobrick, P.C., 134 AD3d 920 [2d Dept 2015] [15 days]). Defendants' motion seeking dismissal of the complaint, therefore, was properly [*3]made.
Defendant Rosario Parlanti
Defendant Rosario Parlanti has failed to rebut the contents of the process server's affidavit that service was effectuated through substituted service on Caitlin Donovan, the babysitter, and via first-class mail. He did not aver that he has no knowledge of Caitlin Donovan or that she never served as the babysitter for the family. Parlanti's affidavit merely states, "To date of this affidavit, I have not been served with a copy of the Summons and Complaint filed in this matter, either as the individual named Defendant or the sole member of 215 Sterling" (NYSCEF Doc No. 21 ¶ 4). This is a "bare and unsubstantiated denial" of service (RG Remodeling, Inc. v Greco, 231 AD3d 757, 758 [2d Dept 2024]).
As such, service of process on Defendant Rosario Parlanti must be deemed proper and a traverse hearing is not warranted:
CPLR 308 (2) provides, in pertinent part, that personal service upon a natural person may be made "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known residence." "Valid service pursuant to CPLR 308 (2) may be made by delivery of the summons and complaint to a person of suitable age and discretion who answers the door at a defendant's residence, but is not a resident of the subject property" (Bank of NY v Espejo, 92 AD3d 707, 708 [2012]).A process server's affidavit of service constitutes prima facie evidence of proper service (see Summitbridge Credit Invs., LLC v Wallace, 128 AD3d 676 [2015]; JPMorgan Chase Bank, N.A. v Todd, 125 AD3d 933 [2015]). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by a process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits" (Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719, 719 [2014]; see Bank of NY v Samuels, 107 AD3d 653 [2013]).Here, the process server's affidavit of service contained sworn allegations reciting that service was made upon the defendant by leaving the relevant papers with a person of suitable age and discretion, namely "Sabir Ahmad, male relative," at the defendant's residence, and by subsequently mailing a second copy of the papers to the defendant at the same address (see CPLR 308 [2]). Accordingly, the affidavit of service constituted prima facie evidence of service of the summons and complaint pursuant to CPLR 308 (2) (see U.S. Bank N.A. v Telford, 153 AD3d 881, 881-882 [2017]; US Bank N.A. v Ramos, 153 AD3d 882, 884 [2017]).Contrary to the defendant's contention, his affidavit failed to rebut the presumption of proper service arising from the process server's affidavit as to service upon him. While the defendant denied knowledge of any person by the name of "Sabir Ahmad," and asserted that no one by that name ever resided at the premises, he did not rebut the process server's sworn allegation that a person fitting the physical description of Sabir Ahmad was present at the subject property at the time and accepted service on behalf of the defendant (see US Bank N.A. v Ramos, 153 AD3d at 884; Washington Mut. Bank v [*4]Huggins, 140 AD3d 858, 859 [2016]; Bank of NY v Espejo, 92 AD3d at 708; cf. Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985 [2016]). (Nationstar Mtge. v Kamil, 155 AD3d 966, 967-968 [2d Dept 2017].)Defendants argue that the delay in Plaintiff's filing of the affidavit of service on Defendant Parlanti was prejudicial since the statute of limitations expired after service was made. This is irrelevant. So long as the summons and complaint were filed with the County Clerk prior to the expiration of the statute of limitations, the fact that service was made afterwards does not necessarily nullify it (see CPLR 304 [a], [c]).
Plaintiff requests of the Court that "To the extent the Court finds any defect relating to the filing or timing of proof of service, Plaintiff respectfully requests curative relief, including an order deeming proof of service filed timely nunc pro tunc, directing the filing of Exhibit 3, granting an extension pursuant to CPLR 2004 and related corrective provisions, and/or granting such other corrective relief as the Court deems just and proper" (NYSCEF Doc No. 24).
The failure to file timely proof of service does not constitute a jurisdictional defect (see Weininger v Sassower, 204 AD2d 715, 716 [1994]). Rather, "[t]he failure to file proof of service is a procedural irregularity . . . that may be cured by motion or sua sponte by the court in its discretion pursuant to CPLR 2004" (Khan v Hernandez, 122 AD3d 802, 803 [2014] [emphasis added]; see Zheleznyak v Gordon & Gordon, P.C., 175 AD3d 1360 [2019]; Deb v Hayut, 171 AD3d 862, 863 [2019]; Discover Bank v Eschwege, 71 AD3d 1413, 1414 [2010]; Rosato v Ricciardi, 174 AD2d 937, 938 [1991]; Lancaster v Kindor, 98 AD2d 300, 307 [1984], affd 65 NY2d 804 [1985]). (Chunyin Li v Joffe, 210 AD3d 737, 739 [2d Dept 2022]).Service on Defendant was effectuated via substituted service on August 14, 2025, with a follow-up mailing on August 18, 2025. Proof of service was filed on January 20, 2026, within Plaintiff's opposition to Defendants' motion. While this is a delay of a bit more than five months, the Court accepts Plaintiff's explanation, to wit, law office failure regarding emails containing the affidavits of service. Defendants were not prejudiced inasmuch as they served an answer. Plaintiff has shown good cause for the mishap in not filing proof of service and he shall re-file the affidavit of service as a separate document within 20 days after entry on NYSCEF of this decision and order (see CPLR 2001, 2004, 2005; see also Tewari v Tsoutsauras, 75 NY2d 1, 9 [1989] ["(W)here the extension sought is not an extension of the time to file a pleading, dismissal is not a necessary consequence. . . ."]).
Defendant 215 Sterling LLC
It is undisputed that Defendant 215 Sterling LLC was served via in hand delivery to Andrea Parlanti, the wife of Rosario Parlanti, who is the sole member of the LLC. Service was effectuated at the 31 Cathedral Avenue address, which is designated as the proper address to receive service and serves as the Parlantis' home address as well. In his affidavit of service, process server Anthony Conigliaro attested to serving Ms. Parlanti as follows: "by personally delivering to and leaving with Andrea Parlanti for 215 Sterling LLC, a true copy thereof, and that deponent knew the person so served to be the Authorized Party/Managing Agent and stated (s)he was authorized to accept legal papers for the corporation" (NYSCEF Doc No. 18). [*5]Plaintiff, confronted with Defendants' motion herein, has not obtained a supplemental affidavit from Mr. Conigliaro as to any further circumstances regarding serving Ms. Parlanti, for instance, what inquiries he made to her and what she answered.
The issue of persons accepting service of process although not possessing a title of specially designated people enumerated in the CPLR for the respective type of business entity has bedeviled courts ever since the adoption of the CPLR in 1963. With respect to a limited liability company, CPLR 311-a (a) provides for service
by delivering a copy personally to (i) any member of the limited liability company in this state, if the management of the limited liability company is vested in its members, (ii) any manager of the limited liability company in this state, if the management of the limited liability company is vested in one or more managers, (iii) to any other agent authorized by appointment to receive process, or (iv) to any other person designated by the limited liability company to receive process, in the manner provided by law for service of a summons as if such person was a defendant.In a landmark case dealing with service of process on a corporation, Fashion Page v Zurich Ins. Co. (50 NY2d 265 [1980]), the Court of Appeals was confronted with a situation where the process server delivered the summons to the vice-president's secretary, who had been identified by the defendant's receptionist and the secretary herself as a person authorized to accept service for the corporation. The plaintiff's process server arrived at the defendant's offices, advised the receptionist that he had papers to serve on the defendant and asked to whom he should deliver the papers. The process server was directed to proceed down a particular hallway and to "see the girl sitting down there." When the process server reached the end of the designated hallway he encountered the defendant's vice-president's secretary who, upon inquiry, indicated that she could accept the summons and complaint.
In evaluating whether service is to be sustained, the Court of Appeals cautioned that the circumstances of the particular case must be weighed (see id. at 273). Upholding the service made upon the defendant's vice-president's secretary, as service upon "any other agent authorized by appointment or by law to receive service," pursuant to CPLR 311 (personal service on a corporation), the Court found that the process server reasonably relied on the receptionist to direct him to the proper person to receive process, once he announced his purpose, and that it was likewise reasonable for him to rely upon the representation of the vice-president's secretary. In reaching this conclusion, the Court noted that the receptionist was employed by the defendant to greet people and properly direct them; that her apparent knowledge of the proper procedure to be followed was confirmed by the vice-president's secretary, who acknowledged her authority to accept service; that it was unlikely that two of the defendant's employees would be unaware of the defendant's procedure for accepting service of process, particularly where the defendant was an insurance company which must be involved in litigation on a regular basis; that the vice-president's secretary testified that upon receipt of the summons and complaint she forwarded same to the defendant's legal department upon the instruction of the vice-president, and that she had regularly done so, in other instances, without objection for at least five years.
The Fashion Page scenario is an entirely different one from that which confronts the Court in the instant case. As noted above, the process server has not supplemented his affidavit of service with further details concerning Ms. Parlanti. In any event, there is no showing by [*6]Plaintiff that Ms. Parlanti was an employee of 215 Sterling LLC. The Court is presented with a barebones statement by the process server that she was a Managing Agent without any explanation what led him to that conclusion. The process server added that she was "authorized to accept legal papers for the corporation." There is no elaboration for this conclusion. Defendant 215 Sterling LLC is not even a corporation; it is an LLC.
As if addressing the very circumstances herein, and clearly distinguishing them from the facts before it, the Court of Appeals in Fashion Page included the following in its decision:
In evaluating whether service is to be sustained, the circumstances of the particular case must be weighed. Delivering the summons to a building receptionist, not employed by the defendant, without any inquiry as to whether she is a company employee, would not be sufficient. Such service cannot be upheld even though the receptionist may later deliver the summons to the proper party. "To sustain such service would encourage carelessness, or worse, thus increasing the risk of default by parties who in fact fail to receive the summons" (McDonald v Ames Supply Co., supra, p 116). Nor is it always reasonable, under all circumstances, for the process server to rely on claims of authority made by the defendant's employees. For instance, a remark made by an employee, temporarily visiting the State, that he represents the corporation has been held insufficient to establish his authority to accept process on its behalf (Coler v Pittsburgh Bridge, Co., supra). But when the corporation is regularly doing business in the State, it generally cannot be heard to complain that the summons was delivered to the wrong person when the process server has gone to its offices, made proper inquiry of the defendant's own employees, and delivered the summons according to their directions. (Id. at 273 [emphasis added].)In the instant case, we have no information from the process server as to the inquiry he made to Ms. Parlanti — not even asking her whether she was an employee. In the absence, Defendants' contention that she was not an employee stands unrebutted.
Not every misrepresentation by a family member constitutes an estoppel to challenging service of process (see Everbank v Kelly, 203 AD3d 138 [2d Dept 2022]). A process server's reliance upon misrepresentation must be reasonable (see Godwin v Upper Room Baptist Church, 175 AD3d 1500 [2d Dept 2019]). Without process server Anthony Conigliaro's elaboration of what transpired at the time of service, one cannot conclude that his reliance on Ms. Parlanti's statement was reasonable. Further, while the process server had averred in his affidavit of service that he knew the individual he served to be the "managing agent," there is no statement from him confirming or explaining that averment (see id.).
The burden of proving the existence of personal jurisdiction is on the party asserting it (see Flatow v Goddess Sanctuaty & Spa Corp., 233 AD3d 656 [2d Dept 2024]). Substituted service on a business entity is not permitted (see Flatow v Goddess Sanctuaty & Spa Corp., 233 AD3d 656). Therefore, service upon Defendant 215 Sterling LLC was ineffectual as Mrs. Parlanti is not an authorized person to receive service pursuant to CPLR 311 (see Pinzon v IKEA New York, LLC, 163 AD3d 733 [2d Dept 2018] [person served not authorized to receive process for LLC]; Lakeside Concrete Corp. v Pine Hollow Bldg. Corp., 104 AD2d 551 [2d Dept 1984]) (holding that substituted service is only applicable to natural persons, not corporations). Ms. Parlanti was neither a member of the LLC, a manager of the LLC, "any other agent authorized by appointment to receive process," nor "any other person designated by the limited liability [*7]company to receive process, in the manner provided by law for service of a summons as if such person was a defendant" (CPLR 311-a [a]).
Considering that Ms. Parlanti did state that she was she was authorized to accept legal papers — this is not rebutted by Defendant, for instance, by an affidavit from Ms. Parlanti that she did not make such a statement — the Court finds that the interest of justice is served by granting Plaintiff an extension of time to re-attempt service on Defendant 215 Sterling LLC. The action was commenced within the statute of limitations. It is clear that Plaintiff was not aware that Ms. Parlanti actually was not authorized to receive service until Defendants moved in January 2026 to dismiss the complaint. Plaintiff requests extension of the time to serve should the Court find that service was ineffective: "[I]f the Court perceives any defect in service or proof of service, the appropriate remedy is not dismissal but an extension of time, or other corrective relief, under CPLR 306-b (interest of justice) . . ." (NYSCEF Doc No. 25 at 2). Defendant LLC did interpose an answer so it was not prejudiced. Moreover, Plaintiff has proffered a meritorious claim through his verified complaint in which he alleges personal injuries proximately resulting from Defendants' improper abatement of a lead condition in his apartment.
In Bhatara v Kolaj (222 AD3d 926, 930-931 [2d Dept 2023]), the Appellate Division stated:
Here, the Supreme Court providently exercised its discretion in granting, in the interest of justice, the plaintiffs' cross-motion, in effect, pursuant to CPLR 306-b to extend the time to serve the amended complaint upon the additional defendants (see U.S. Bank N.A. v Bindra, 217 AD3d 719, 720-721 [2023]; Wachovia Bank, N.A. v Greenberg, 190 AD3d 1007, 1009 [2021]). The plaintiffs demonstrated that the action was timely commenced, that service was timely attempted and was believed by the plaintiffs to have been made within 120 days after the commencement of the action but was subsequently found to be defective, that the statute of limitations had expired by the time the plaintiffs filed their cross-motion, and that an extension would not prejudice the additional defendants (see Wells Fargo Bank, N.A. v Boakye-Yiadom, 213 AD3d 976, 978 [2023]; Wachovia Bank, N.A. v Greenberg, 190 AD3d at 1008-1009). Further, the plaintiffs established that they had potentially meritorious causes of action (see Wells Fargo Bank, N.A. v Boakye-Yiadom, 213 AD3d at 978). Moreover, under the circumstances of this case, the length of delay was not "particularly egregious" (U.S. Bank N.A. v Bindra, 217 AD3d at 721). Accordingly, the court properly granted the plaintiffs' cross-motion, in effect, pursuant to CPLR 306-b to extend the time to serve the amended complaint upon the additional defendants, and properly, in effect, denied the additional defendants' motion pursuant to CPLR 3211 (a) (8) and 306-b to dismiss the amended complaint insofar as asserted against them.Likewise, Plaintiff should be afforded the opportunity to again attempt service on Defendant 215 Sterling LLC in the interest of justice pursuant to CPLR 306-b, during a 30-day period from the entry of this order (see also Maza v J & N Dev., LLC, 241 AD3d 537 [2d Dept 2025]).
Conclusion
Accordingly, it is hereby ORDERED as follows:
(1) Defendants' motion pursuant to CPLR 3211 (a) (8) to dismiss Plaintiff's complaint on the ground of lack of personal jurisdiction is DENIED.
(2) Plaintiff shall re-file the affidavit of service on Defendant Rosario Parlanti as a separate document within 20 days after entry on NYSCEF of this decision and order
(3) Plaintiff is directed to serve his summons and complaint on Defendant 215 Sterling LLC within 30 days after entry of the within order.